The STATE of Missouri at the relation of James S. MINING et al., Appellants,

v.

Ilus W. DAVIS, Mayor of Kansas City, Missouri, et al., Respondents.

No. 51088.

Supreme Court of Missouri,

Division No. 1.

June 14, 1965.

Opinion Modified on Court's Own Motion July 12, 1965.

Rehearing Denied July 12, 1965.

John J. Manning, Robert S. Fousek, Kansas City, for appellants.

Herbert C. Hoffman, City Counselor, George DeBitetto, Asst. City Counselor, John J. Cosgrove, Assoc. City Counselor, Kansas City, for respondents.

WELBORN, Commissioner.

This is another case involving the Kansas City Firemen's Pension Fund. This action is one in mandamus to compel the City Council to appropriate to the Firemen's Pension Fund the sum of $432,364.00, the amount claimed to be owed the Fund by reason of the City's failure to increase its contributions in accordance with actuarial findings, for the fiscal periods May 1, 1955 to April 30, 1959. The relators are three employees of the Fire Department who allege that in excess of 50% of the employees

of the Fire Department had authorized them to institute the suit in their behalf. The defendants are the Mayor and members of the City Council and the City of Kansas City. The petition, after stating generally the same matters recited in Tomlinson et al. v. Kansas City et al., Mo., 391 S.W.2d 850, alleged that the Board of Trustees of the Pension Fund had refused to take legal action to compel the payment of the sum claimed to be due the Fund. It also alleged that the City Counselor, as attorney for the trustees, is "faced with a conflict of interest and refuses to take legal action to enforce the ordinance and compel the city to make the appropriation."

The defendants by their return to the petition contended that "Section 19.210 is not binding upon the Council of Kansas City; that the Council is not required to contribute to the Firemen's Pension System a sum of money as recommended by the actuary" and that any attempt upon the part of the Council which enacted the ordinance to bind future councils to make a contribution as recommended by the actuary would be "an unlawful delegation of legislative power." Defendants also alleged that the pension plan is a gratuity within the discretion of the Council to abolish in whole or in part, and that Section 19.290 imposed no legal obligation upon the Council to comply with its provisions. The return further alleged that, on May 26, 1961, the Council repealed Sections 19.210 and 19.290 as above set out and enacted two new sections reading as follows:

"Section 19.210. *Same—Actuarial Investigation.* Whenever directed by the Council of Kansas City, the Board of Trustees shall cause an actuarial investigation to be made of the financial condition of the pension fund and shall report to the Council the result of such investigation, together with their recommendations pertaining thereto.

"Section 19.290. *Relative to City Contributions.* If the contributions by the City and the members of the pension system to

the firemen's pension fund and the earnings from the accumulated reserve in such fund, combined, are not sufficient to pay the pensions of the pensioners as they become due, the board shall promptly advise the Council of such fact for such action as it may deem necessary."

The defendants denied that increasing the City's contribution from 10% to 14½% was necessary to keep the pension plan actuarially sound. The return further alleged that, since January 1, 1960, contributions by the City had been at the rate of 12.40% per month. The return also alleged that, on June 30, 1955, the total reserve in the Firemen's Pension Fund was $243,672 and that, as of March 31, 1964, the reserve had increased to an amount in excess of $4,000,000 "after all pensions had been paid, thereby rendering said fund financially sound to pay all pensions as they accrue."

Plaintiffs by their reply to the defendants' return, denied that the reliance by the Council upon an actuarial determination would constitute an unlawful delegation of legislative power. They also stated that the repeal of Sections 19.210 and 19.290 and the enactment of new provisions are not material since they occurred subsequent to the filing of this action.

On these pleadings the plaintiffs moved for summary judgment and the defendants moved for judgment on the pleadings. The trial court overruled the plaintiffs' motion for summary judgment and sustained defendants' motion for judgment on the pleadings. Thereafter, the plaintiffs appealed to this court.

The burden was upon plaintiffs to show a clear and unequivocal right to relief in mandamus. State ex rel. Breshears v. Missouri State Employees' Retirement System, Mo.Sup., 362 S.W.2d 571, 573(1–3). Our conclusion in Tomlinson, supra, regarding the nature of plaintiffs' interests would preclude a showing of such right.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.